UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY A. RAIMEY, as administrator of the Estate of MATTHEW BURROUGHS,<br><br>               Plaintiff,<br><br>vs.<br><br>THE CITY OF NILES; Niles City Police Department Officer CHRISTOPHER MANNELLA in his individual capacity; Niles City Police Department Officer JAMES REPPY in his individual capacity; Niles City Police Department Officer PAUL HOGAN in his individual capacity; Niles City Police Department Chief JAY HOLLAND in his individual and official capacity,<br><br>               Defendants. | CASE NO. _____<br><br>JUDGE _____ |

**COMPLAINT AND JURY DEMAND**

Plaintiff Timothy Raimey, as administrator of the Estate of Matthew Burroughs,

("Plaintiff") for his Complaint alleges as follows:

**PRELIMINARY STATEMENT**

1.      This case involves the tragic and fatal shooting of a black man without any valid

excuse or legal justification.  On January 2, 2019, Matthew Burroughs was shot at eight times by

Niles County Police Officers, even though he did not pose a serious or imminent threat to others.

Mr. Boroughs was fatally wounded and died that day.

2.      This is a civil-rights case brought by Timothy A. Raimey, the administrator of the

Estate of Matthew Burroughs.

## JURISDICTION AND VENUE

3.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and Ohio law.

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 3613.  This Court has supplemental jurisdiction over the Ohio State claims under 28 U.S.C. § 1367.

5.      The acts complained of occurred in the Northern District of Ohio, and venue is lodged in this Court under 28 U.S.C. § 1391(b)(2).

## JURY DEMAND

6.      Plaintiff demand trial by jury in this action.

## PARTIES

7.      Matthew Burroughs was fatally shot by City of Niles police officers on January 2, 2019.

8.      Plaintiff Timothy A. Raimey is domiciled in Trumbull County, Ohio.  On or about February 28, 2019, Raimey was appointed by the Probate Court of Trumbull County to be the Estate of Matthew Burroughs' administrator.  Raimey brings this suit in his capacity as the Estate of Matthew Burroughs' administrator.

9.      Defendant City of Niles ("City") is a city organized under Ohio law and the county seat of Trumbull County.  The City is at all times responsible for the actions of the Niles City Police Department ("CPD").

10.     At all relevant times, Defendant Christopher Mannella was a CPD police officer, acting in the capacity of employee, agent, and servant of the City, within the scope of his

employment as such, and acting under color of state law.  Defendant Mannella is sued in his individual capacity.

11.     At all relevant times, Defendant James Reppy was a CPD police officer, acting in the capacity of employee, agent, and servant of the City, within the scope of his employment as such, and acting under color of state law.  Defendant Reppy is sued in his individual capacity.

12.     At all relevant times, Defendant Paul Hogan was a CPD police officer, acting in the capacity of employee, agent, and servant of the City, within the scope of his employment as such, and acting under color of state law.  Defendant Hogan is sued in his individual capacity.

13.     At all relevant times, Defendant Jay Holland was a CPD chief acting in the capacity of employee, agent, and servant of the City, within the scope of his employment as such, and acting under color of state law.  Defendant Holland is sued in his individual and official capacity.

## STATEMENT OF FACTS

14.     On January 2, 2019, at approximately 2:35 pm, Matthew Burroughs – a 35-year-old black man – was shot and killed by a City of Niles Police Officer at Royal Mall Drive in the City of Niles, which is in Trumbull County, Ohio.

15.     Burroughs died after he voluntarily went to the Niles Municipal Court to pay a $15 fine on a traffic ticket.

16.     While at the courthouse to pay the fine, a bailiff recognized Burroughs and knew he had an outstanding warrant.  Without saying anything to Burroughs, the bailiff went to get a CPD Officer to execute the arrest warrant.

17.     Before the bailiff returned, Burroughs left the courthouse and went to his car.  A probation officer tried to stop him, but Burroughs drove away.

18.     To execute the warrant, CBD Officer Defendants Christopher Mannella, James Reppy, and Paul Hogan (collectively "Officer Defendants") drove to Burroughs' home, which was located at 53 Royal Mall in the Royal Mall apartment complex.

19.     Defendant Mannella did not see Burroughs or his car when he arrived at Burroughs' apartment complex. He parked his car and started walking toward Burroughs' apartment.

20.     When Defendant Hogan arrived at the apartment complex, he did not initially see Burroughs or his car.

21.     While driving toward Burroughs' apartment, Defendant Reppy spotted a white Ford Fusion that matched the description of Burroughs' car. Defendant Reppy followed the car to Burroughs' apartment complex.

22.     Before Defendant Mannella reached Burroughs' apartment, he heard on the radio that Burroughs' car was heading toward Royal Mall. He started back toward his car.

23.     When Burroughs drove into his apartment complex, Defendant Reppy's car was close behind him.

24.     As soon as Defendant Reppy stopped his car behind Burroughs' car, he jumped out and fired five shots at Burroughs, who was still in his car. Defendant Reppy did not identify himself as a police officer or give any warning before he shot.

25.     At approximately the same time, Defendant Mannella – who had walked toward Burroughs' car – shot Burroughs three times.

26.     Defendant Reppy's body camera shows that Burroughs' brake lights were on at the time he was shot. Defendants Reppy and Mannella failed to turn on their body cameras before the shooting.

27.    Because Burroughs' car was stopped when he was shot, there was no justification for the shooting.  No one was in imminent danger of death or serious bodily injury.

28.    Defendant Hogan had the ability and responsibility to prevent the shooting, but he failed to do so.  In addition, his actions contributed to Burroughs' death.

29.    Burroughs died that same day from the gunshot wounds.

30.    Before he died, Burroughs was conscious and in pain.

***Defendants' Pattern and Practice of Illegal Behavior***

31.    Defendant City and Defendant CPD Chief Holland have a pattern and practice and a custom and policy of recklessly: hiring officers not suitable for their positions, failing to properly train and supervise officers, and retaining officers unfit for their positions.

32.    The City and Defendant CPD Chief Holland recklessly hired or retained the Officer Defendants, despite the fact that they were clearly unfit for their duties.

33.    At the time of Burroughs' death, the City also had a long history of its police officers using excessive force.  The City knew about this pattern and practice of excessive force by its police officers, tolerated it, and sanctioned it.

34.    Specifically, CPD has a custom and policy and/or pattern and practice of failing to properly train officers on appropriate use of force.  Officers lack basic support, skills, and knowledge required to safely and effectively respond to situations that commonly arise in law-enforcement encounters. The CPD has a duty to ensure its officers are properly trained, that training is reinforced through ongoing instruction, and that officers are consistently held accountable for any failure to abide by their training. The failure to fulfill this duty has contributed to the pattern and practice of excessive force within the CPD that places the community in danger.

*Plaintiff's Damages*

35.    As a direct and proximate result of the Defendants' actions, Burroughs suffered severe physical and emotional injury, pre-death terror, pain and suffering, was deprived of his life, and lost the enjoyment of life.

36.    Defendants' acts were reckless, willful, wanton, and malicious, thus entitling Plaintiff to an award of punitive damages.

### FIRST CLAIM FOR RELIEF
**42 U.S.C. § 1983/Fourth and Fourteenth Amendments Excessive Force**
**(Against Officer Defendants)**

37.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

38.    By reason of the foregoing, using excessive force, assaulting Burroughs and killing him, and/or contributing to or failing to prevent such, the Officer Defendants deprived Burroughs of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution to be free from gratuitous and excessive force.   The Officer Defendants' conduct manifested deliberate indifference to Burroughs' constitutional rights.

39.    The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as CPD officers.  The Officer Defendants' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers.  The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Burroughs of his constitutional rights, secured

by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States

Constitution.

40.     As a direct and proximate result of the misconduct and abuse of authority detailed

above, Burroughs sustained the damages stated above.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983/Fourth and Fourteenth Amendment Excessive Force
### (Against Defendant City)

41.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully

set forth at length herein.

42.     Defendant City, through CPD, and acting under the pretense and color of law,

permitted, tolerated, and was deliberately indifferent to a pattern and practice of excessive force

by CPD officers at the time of Burroughs' killing.  This widespread tolerance of excessive force

by police officers constituted a municipal policy, practice, or custom and led to Burroughs'

shooting and death.

43.     By permitting, tolerating, and sanctioning a persistent and widespread policy,

practice and custom of excessive force under which Burroughs was killed, Defendant City

deprived Burroughs of rights, remedies, privileges and immunities guaranteed to every citizen of

the United States, secured by 42 U.S.C. § 1983, including, but not limited to, the right to be free

from gratuitous and excessive force guaranteed by the Fourth and Fourteenth Amendments to the

United States Constitution.

44.     As a direct and proximate result of the policy, practice, and custom detailed

above, Burroughs sustained the damages stated above.

## THIRD CLAIM FOR RELIEF
### Ohio Rev. Code § 2125/Wrongful Death
### (Against All Defendants)

45.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

46.     As a direct and proximate result of the reckless, wanton, and/or intentional conduct of Defendants and their employees as described herein, Burroughs suffered conscious pain and suffering until the moment of his death.

47.     As a direct and proximate result of Burroughs' death, his beneficiaries suffered, and will continue to suffer, damages for the loss over his life expectancy, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education

48.     As a direct and proximate result of the reckless, wanton, and/or intentional conduct of Defendants and their employees as described herein, Burroughs' beneficiaries have suffered mental anguish and severe emotional distress and have been deprived of his love, support, services, care, companionship, advice, guidance, counsel, instruction, and society, and prospective inheritance, and have sustained potentially other damages as recognized under Ohio Rev. Code § 2125.02(B) and other provisions of law.  These losses are expected to be permanent and ongoing.

49.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Burroughs sustained the damages alleged above.

**FOURTH CLAIM FOR RELIEF**
**Assault and Battery of Matthew Burroughs**
**(Against City Defendant and the Officer Defendants)**

50.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

51.     In physically assaulting, shooting, and killing Burroughs, Defendants Mannella, Reppy, and Hogan, acting in their capacity as police officers, and within the scope of their employment, committed willful, unlawful, unwarranted, and intentional assault and battery upon Burroughs, and/or failed to prevent such.

52.     The assault and battery by Defendants Mannella and Reppy was unnecessary and unwarranted in the performance of their duties and constituted an unreasonable and excessive use of force.  Defendant Hogan failed to intervene to stop the excessive force, even though he had the ability to do so.  His actions also contributed to Burroughs' assault and battery.

53.     Defendant City, as employer of Defendants Mannella, Reppy, and Hogan, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

54.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Burroughs sustained the damages alleged above.

**FIFTH CLAIM FOR RELIEF**
**Reckless Conduct**
**(Against Defendants)**

55.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

56.     As alleged above, Defendants failed to exercise due care and acted in a reckless manner while engaged in police functions and activities.

57.     This reckless conduct proximately caused the death of Burroughs.

58.     Defendant City, as employer of the other Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

59.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Burroughs sustained the damages alleged above.

## SIXTH CLAIM FOR RELIEF
### Reckless Hiring, Training, Supervision, Discipline, Staffing, and Retention
### (Against Defendant City and Defendant Holland)

60.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

61.     Defendants City and Holland failed to exercise due care and acted in a reckless manner in hiring, training, supervising, disciplining, staffing, and retaining Defendants Mannella, Reppy, and Hogan.

62.     Defendants Mannella, Reppy, and Hogan were all unfit for their positions and duties.

63.     Defendants City and Hogan's reckless conduct in this regard proximately caused the death of Burroughs alleged above.

64.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Burroughs sustained the damages alleged above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request the Court enter judgment against Defendants and grant the following relief:

A.     Compensatory damages in an amount to be determined at trial.

B.     Punitive damages against the individual Defendants only in an amount to be determined at trial.

C.      An order awarding Plaintiff reasonable attorneys' fees, together with the costs of this action, under 42 U.S.C. § 1988.

D.      Such other further relief as the Court may deem appropriate.


Dated: January 2, 2020


Respectfully submitted,

/s/ Nicholas A. DiCello
Nicholas A. DiCello (0075745)
Kevin C. Hulick (0093921)
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
ndicello@spanglaw.com
khulick@spanglaw.com


*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on this 2nd day of January, 2020, my office served, via the Court's Electronic

Filing System, the foregoing document on all counsel of record in the ECF system.


*/s/ Nicholas A. DiCello*
Nicholas A. DiCello