# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY A. RAIMEY, as Administrator of the Estate of Matthew Burroughs, | ) ) ) ) | CASE NO. 4:20-cv-5 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | OPINION AND ORDER |
| THE CITY OF NILES, *et al.*, | ) ) ) | |
| DEFENDANTS. | ) | |

Plaintiff, Timothy A. Raimey, has filed a motion styled "Plaintiff's Motion to Strike, or in the Alternative, for Leave to File a Sur-reply," requesting that the Court either strike the reply of defendants, City of Niles, Christopher Mannella, James Reppy, Paul Hogan, and Jay Holland, in support of their motion for summary judgment or permit plaintiff to file a sur-reply. (Doc. No. 48; *see* Doc. No. 47 (Reply in Support of Summary Judgment).) Defendants oppose the motion to strike (Doc. No. 49), and plaintiff has filed a reply. (Doc. No. 50.)

According to plaintiff, defendants' reply brief in support of summary judgment raises arguments not mentioned in their original dispositive motion. He points to the fact that defendants argued for the first time in their reply brief that plaintiff could not rely on the report and corresponding forensic animation/recreation of his expert, Jason Fries, to defend summary

judgment.[1] (Doc. No. 48 at 4; *see* Doc. No. 47 at 8–11.) Citing to Sixth Circuit authority stating that the assertion of new evidence or arguments for the first time in a reply brief unfairly deprives the opposing party of notice and the opportunity to respond, he requests that the Court strike the reply brief or, in the alternative, grant him leave to file a sur-reply. (Doc. No. 48 at 5 (citing cases).)

Defendants have filed an opposition in which they posit that the arguments made in their reply were properly made in response to the arguments and evidence that plaintiff raised in his opposition. They also repeat the arguments raised in their reply relative to the proper focus of the Court's review of the underlying summary judgment motion and the question of qualified immunity. (*See generally* Doc. No. 49.)

While it is well-established that a party cannot raise new arguments in a reply brief, it is equally settled that a party may respond in a reply to arguments raised for the first time in opposition to a motion. *See In re: Firstenergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 599 (6th Cir. 2004) (citing *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) ("It is well-established that a party cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in the opposition.")); *see United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) (similar). Here, it was plaintiff who first injected Dr. Fries' report and opinions into the summary judgment analysis in his opposition. Defendants were justified in challenging the appropriateness of that evidence in their reply brief, and plaintiff's motion to strike, therefore, is DENIED.

---

[1] Specifically, in their reply, defendants argue that the expert report of Dr. Fries should be disregarded because the report is based on presumptions and not actual facts. (Doc. No. 47 at 8.) They insist that the report does not provide any information regarding the scientific methodology that was used in creating the 3D animation, and further that the computer model fails to take into account the "circumstances [and] environment under which Officer Mannella was operating at the time" of the shooting. (*Id*. at 9.) Because videotape footage exists of the shooting, defendants insist that the Court's consideration of summary judgment—particularly as it pertains to the question of qualified immunity—should be limited to the video and what defendants refer to as the "objective facts found in the record." (*Id*. at 11.)

However, given the sequence of events, the Court also believes that fairness dictates that plaintiff be allowed to respond to defendants' arguments challenging the reliance on Dr. Fries' report on summary judgment and, particularly, on the issue of qualified immunity. Accordingly, plaintiff will be granted leave until January 19, 2022 to file a sur-reply, not to exceed seven (7) pages, addressing this limited issue. No extensions will be granted, and, after the sur-reply is filed, the Court will consider the briefing on summary judgment complete.

For the foregoing reasons, plaintiff's motion to strike is DENIED, and plaintiff's alternative motion for leave to file a sur-reply is GRANTED.

**IT IS SO ORDERED**.

Dated: January 7, 2022

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**