# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS G. CAREY, as administrator of the Estate of Matthew Burroughs, | ) ) ) ) | CASE NO. 4:20-cv-5 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| CHRISTOPHER MANNELLA, | ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the amended motion of defendant Christopher Mannella ("Mannella") to reopen expert discovery. (Doc. No. 65 (Amended Motion); *see* Doc. No. 64 (Motion).) Plaintiff Thomas Carey ("plaintiff" or "Carey") opposes the motion. (Doc. No. 66 (Opposition).) For the reasons that follow, the motion, as amended, is granted.

**I.   BACKGROUND**

This civil rights action arises out of the January 2, 2019, fatal police shooting of the deceased, Matthew Burroughs, near an apartment complex in Niles, Ohio. (Doc. No. 1 (Complaint) ¶ 1.) On January 2, 2020, the original administrator of the deceased's estate, Timothy Raimey ("Raimey"), brought suit against the City of Niles and various members of the City of Niles Police Department. (*See generally id.*) Carey was substituted as the special administrator of the deceased's estate and the plaintiff in this action upon Raimey's passing. (Order [non-document], 3/16/2023; *see* Doc. No. 60 (Motion to Substitute Party).)

The Court set dates and deadlines to govern the case (*see* Doc. No. 11 (Case Management Plan and Trial Order ("CMPTO"), which, upon the parties' joint requests, were continued on several occasions. (*See* Doc. No. 26 (Joint Motion); Order [non-document], 10/2/2020; Doc. No. 27 (Amended CMPTO); Doc. No. 30 (Joint Motion); Order [non-document], 12/28/2020; Doc. No. 33 (Joint Motion); Minute Order [non-document], 2/09/2021; Doc. No. 52 (Joint Motion); Order [non-document], 10/28/2021.) There is no dispute that the parties each timely identified expert witnesses and provided reports. Plaintiff identified and provided reports for Jason Fries and Barry Brodd, and defendants identified and provided a report for Darrell Ross. (*See* Doc. No. 65, at 3.[1]) It is also undisputed, however, that neither side deposed these witnesses. (*Id.* at 2; Doc. No. 66, at 2.)

The case proceeded to dispositive motions. In their summary judgment motion, defendants (the City of Niles and four officers) sought dismissal of all of plaintiff's claims, as well as qualified immunity for the individual municipal employees. (Doc. No. 39 (Defendants' MSJ).) On March 4, 2022, the Court granted the motion, in part, dismissing the claims against the municipality and all but one municipal employee, Officer Mannella. (Doc. No. 57 (Memorandum Opinion), at 37–38.) With respect to Mannella, the Court ruled that, although it was an extremely close call, questions of material fact prevented the Court from granting qualified immunity to Mannella at the summary judgment stage. (*Id*. at 33 and 36.)

Mannella took an interlocutory appeal from the Court's ruling on summary judgment. (Doc. No. 58 (Notice of Appeal).) On August 10, 2023, the United States Court of Appeals for the

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

2

Sixth Circuit affirmed this Court's judgment, including the Court's denial of Mannella's request for qualified immunity on summary judgment. *See generally Raimey v. City of Niles*, 77 F.4th 441 (6th Cir. 2023). On September 5, 2023, following receipt of the Sixth Circuit's mandate, the Court issued a Final Pre-Trial Conference and Trial Order. (Doc. No. 63); *see* Doc. No. 62 (Mandate).) The Court set the matter for a jury trial on March 4, 2024. (Doc. No. 63, at 1.) Given the posture of the case when it was returned from the Sixth Circuit, the Court did not set dates for non-expert discovery, expert discovery, or dispositive motions. (*See generally id.*)

In an email correspondence, dated September 19, 2023, counsel for Mannella advised plaintiff's counsel that he wished to depose plaintiff's experts and requested dates for said depositions. (Doc. No. 65-1 (Email, 9/19/2023), at 1.) Plaintiff's counsel responded the following day (September 20, 2023), noting simply that the deadline for expert discovery had passed. (Doc. No. 65-2 (Email, 9/20/2023), at 1.) To date, no expert witness depositions have been scheduled or taken. On September 29, 2023, Mannella moved to reopen expert discovery (Doc. No. 64) and filed an amended motion on October 2, 2023. (Doc. No. 65.)

**II.  DISCUSSION**

In his amended motion, Mannella seeks an order reopening discovery until December 31, 2023, for the purpose of permitting the parties to depose the previously identified expert witnesses. (Doc. No. 65, at 4.) In support, he states that, prior to engaging in dispositive motion practice and recognizing that summary judgment would focus on issues relating to qualified immunity, the parties "proceeded with initial non-expert discovery for purposes of developing the qualified immunity defense." (*Id.* at 2.) He explains that, "given the expense of deposing out of state experts, neither of the attorneys representing the respective parties opted to conduct deposition discovery."

(*Id.*) He suggests that it is "extremely unusual" to take expert depositions prior to resolution of summary judgment, and he represents that allowing such discovery now will not impact the Court's March 4, 2023, trial date or otherwise prejudice plaintiff. (*Id*. at 2, 4.)

Plaintiff opposes any effort to reopen expert discovery. According to plaintiff, "Mannella made a strategic decision to forgo the depositions of [p]laintiff's experts[,]" and should not be permitted to reopen discovery that has "long since concluded[.]" (Doc. No. 66, at 7.) He also takes issue with Mannella's suggestions that the taking of expert depositions before summary judgment is unusual and that the parties had some sort of "tacit understanding" that expert depositions would occur outside the period of time the Court set for expert discovery. (*Id*. at 1–4.) He posits that "[t]he mere fact that [Mannella] did not prevail on summary judgment, or on appeal, does not entitle him to now [reopen] expert discovery to take depositions he was required to pursue years ago." (*Id*. at 5.)

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a district court's scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Generally speaking, "good cause" requires a showing of diligence in efforts to meet the Court's scheduling order requirements. *Smith v. Holston Med. Grp., P.C*., 595 F. App'x 474, 478 (6th Cir. 2014) (citing *Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th Cir. 2002)). In addition to considering the moving party's diligence, a court "should also consider whether the non-moving party is prejudiced by the proposed modification of a scheduling order." *Prewitt v. Hamline Univ*., 764 F. App'x 524, 530 (6th Cir. 2019) (citing *Inge*, 281 F.3d at 625). Importantly, the decision to modify a scheduling order is within the district court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

4

The Court finds that Mannella has demonstrated sufficient good cause for the Court to consider reopening expert discovery. To be sure, Mannella made a risky wager when he opted to defend summary judgment without having deposed plaintiff's experts. Nevertheless, this is not a situation where a party neglected to conduct *any* expert discovery during the relevant time period set by the district court. *Cf. Shannon v. State Farm Fire & Cas. Co*., No. 14-cv-14153, 2015 WL 5679875, at *2 (E.D. Mich. Sept. 28, 2015) (denying motion to reopen expert discovery where the plaintiff has "engaged in no discovery"). Rather, Mannella timely identified and provided a report for his expert witness. Both parties subsequently made the same decision, though they many have arrived at the decision independently and for different reasons, not to pursue expert witness depositions prior to dispositive motion practice.[2]

Additionally, Mannella's motion does not constitute an eleventh-hour surprise request for discovery on the eve of trial regarding a newly-identified witness. As is evident from counsel's email exchange, Mannella's counsel requested expert deposition dates from plaintiff's counsel shortly after the Court reopened the case and set the matter for trial. (*See* Doc. No. 65-1.) He then sought leave to reopen expert discovery after he confirmed that plaintiff would not otherwise agree

---

[2] To be sure, Mannella should have addressed the issue of reserving the right to depose expert witnesses until after any dispositive motions were decided at the Case Management Conference or with plaintiff's counsel during the discovery period, as there is a logic to such a procedure in cases involving qualified immunity. In such cases, the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible state in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *Davis v. Scherer,* 468 U.S. 183, 195, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984); *Mitchell, supra,* 472 U.S. at 526; *Malley v. Briggs,* 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986); *Anderson, supra,* 483 U.S. at 646, n. 6.) In keeping with this directive and noting that one of the primary rationales for qualified immunity is to save officials from unwarranted discovery, the Sixth Circuit has observed that "[q]ualified immunity is intended not only to protect officials from civil damages, but just as importantly, to protect them from the rigors of litigation itself, including the potential disruptiveness of discovery." *Everson v. Leis*, 556 F.3d 484, 491 (6th Cir. 2009) (*citing Skousen v. Brighton High School,* 305 F.3d 520, 526 (6th Cir. 2002)). And, as it turned out, four out of the five defendants were dismissed.
.

to make his expert witnesses available for deposition. (*See* Doc. No. 56-2; Doc. No. 64.) *Cf. Clark v. Butler Cty. Sheriff's Dep't*, No. 1:17-cv-184, 2018 WL 6834349, at *2 (W.D. Ky. Dec. 28, 2018) (finding movant dilatory where she waited eleven months to seek an extension of discovery). Significantly, the motion was filed more than five months before this case will be presented to a jury, leaving the parties sufficient time to conduct expert witness discovery before preparing for trial.[3] Taken collectively, this amounts to sufficient diligence.

Because the Court finds that Mannella acted diligently enough to support his requested relief, the Court considers whether plaintiff will suffer prejudice if the relief is granted. *See Smith*, 595 F. App'x at 479 (noting that "courts consider the extent of prejudice to the nonmoving party only if the movant proceeded diligently, and then only to ascertain whether there exist additional reason to deny the motion" (internal quotation marks omitted)). Plaintiff offers very little by way of prejudice. He merely states that "traveling to California and Montana to prepare for and defend the depositions [d]efendant Mannella now seeks would impose an additional burden on [p]laintiff." (Doc. No. 66, at 7.) Of course, plaintiff would have been required to incur this "burden" if Mannella had sought to depose plaintiff's experts during the time period originally set for expert discovery. *See, e.g., Gillispie v. Miami Twp.*, No. 3:13-cv-416, 2020 WL 9173020, at *4 (S.D. Ohio Apr. 2, 2020) (noting that convenience is not the same as prejudice and rejecting defendants' argument that late disclosure of expert report would result in additional discovery (citing *Andretti*

---

[3] The present motion also differs from the typical motion wherein a party seeks leave to reopen discovery to identify a new expert not previously identified during the expert discovery period. *See, e.g., Allied Erecting & Dismantling Co., Inc. v. U.S. Steel Corp.*, No. 4:12-cv-1390, 2021 WL 5850693 (N.D. Ohio Dec. 9, 2021) (denying motion to identify a new expert after an adverse ruling under Fed. R. Evid. 702); *Myers v. Wells Fargo Bank*, No. 1:18-cv-144, 2020 WL 588131 (S.D. Ohio Feb. 6, 2020) (denying plaintiff's motion to reopen expert discovery to identify a new witness where the parties had already exchanged cross-motions for summary judgment). Both sides have received notice of the expert witnesses who may testify at trial and have been in possession of their expert reports for more than two years.

*v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)). And given the fact that there are still several months left before trial, defending any properly noticed expert witness depositions should not interfere with trial preparations. The Court finds that any potential prejudice to plaintiff is minimal and does not justify denying Mannella the requested relief.

### III.  CONCLUSION

Accordingly, the Court grants Mannella's motion, as amended, to reopen expert discovery until December 31, 2023, for the limited purpose of permitting the parties to depose any expert witnesses who were identified and for whom expert reports were provided on or before May 5, 2021.

**IT IS SO ORDERED**.

Dated: October 16, 2023

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**