UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS G. CAREY, as administrator of the Estate of MATTHEW BURROUGHS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CHRISTOPHER MANNELLA,<br><br>　　　　　　Defendant. | Case No. 4:20-cv-00005<br><br>**CHIEF JUDGE SARA LIOI**<br><br>**PLAINTIFF'S MOTION IN LIMINE TO PROHIBIT ARGUMENT OR OPINION TESTIMONY THAT OFFICER REPPY'S FIRING OF HIS WEAPON WAS JUSTIFIED** |

　　　　Plaintiff, by and through counsel, hereby files this Motion in Limine to Prohibit Argument or opinion testimony that Officer Reppy's Firing of His Weapon was Justified. Such argument is irrelevant, highly prejudicial, misleading, and would confuse the issues. Accordingly, the Court should prohibit such argument and instruct the jury that Officer Reppy's use of deadly force is not at issue in this case and that the jury should not consider Officer Reppy's use of deadly force when evaluating Defendant Mannella's use of deadly force.

Respectfully submitted,

*/s/ Kevin C. Hulick*
Nicholas A. DiCello (0075745)　　　　　　　Jonathan S. Abady (pro hac vice)
Kevin C. Hulick (0093921)　　　　　　　　　Earl S. Ward (pro hac vice)
SPANGENBERG SHIBLEY & LIBER LLP　　　Vivake Prasad (pro hac vice)
1001 Lakeside Avenue East, Suite 1700　　　EMERY CELLI BRINCKERHOFF
Cleveland, OH 44114　　　　　　　　　　　　ABADY WARD & MAZEL LLP
(216) 696-3232　　　　　　　　　　　　　　　600 Fifth Avenue, 10th Floor
(216) 696-3924 (FAX)　　　　　　　　　　　　(212) 763-5000
ndicello@spanglaw.com　　　　　　　　　　　(212) 763-5001 (FAX)
khulick@spanglaw.com　　　　　　　　　　　jabady@ecbawm.com
　　　　　　　　　　　　　　　　　　　　　　eward@ecbawm.com
　　　　　　　　　　　　　　　　　　　　　　vprasad@ecbawm.com

*Attorneys for Plaintiff*

**MEMORANDUM IN SUPPORT**

This case involves claims under federal and state law regarding Defendant Christopher Mannella's use of deadly force against Decedent Matthew Burroughs. On January 2, 2019, Defendant Christopher Mannella shot Matthew three times, firing at Matthew's vehicle when the vehicle was moving 1-3 mph and Matthew was applying the brake. This case centers on whether Defendant Mannella's use of deadly force was reasonable under those circumstances.

Defendant Mannella was not the only Niles Police officer on the scene. Indeed, both Officers Paul Hogan and James Reppy were on the scene. After Defendant Mannella discharged his three shots, Officer Reppy "immediately" fired five shots. Doc No. 39-2 at PageID #: 258. Officer Reppy was a defendant in this case, but Plaintiff ultimately did not oppose summary judgment on the claims against Officer Reppy, because his shots did not strike Matthew. Doc. No. 44 at PageID #: 398. That is, regardless of whether Officer Reppy's use of deadly force was reasonable, there was no viable claim against him, because he never seized Matthew.

In the course of arguing the appeal of this Court's decision denying summary judgment, Defendant Mannella attempted to bootstrap Officer Reppy's use of force to the analysis of whether Defendant Mannella's use of force was reasonable. *See* COA Doc. 23 at p. 34-35 ("Here, when Mannella and Reppy fired their weapons, they were faced with a difficult choice … Moreover, Mannella and Reppy had only an instant to make this decision."); p. 42 ("In fact, Burroughs continued his action in a way that caused both Officer Mannella and Officer Reppy to believe that Burroughs intended to do whatever was necessary to secure his escape, including running the officers over with his car, regardless of who was injured."); p. 43 ("As a consequence, Mannella and Reppy elected to fire their weapons in order to prevent Burroughs from causing injury to Officer Mannella and any members of the public present at the Royal Mall Apartments complex.");

2

p. 44 ("The risk had not abated, and both Mannella and Reppy justifiably used their firearms."); p. 51 ("Furthermore, even Office Reppy believed Officer Mannella's life was in danger as Reppy also shot at Burroughs, nearly simultaneously.").

In addition, Defendant Mannella's police practices expert offered various opinions on Reppy's use of force. *See, e.g*. Report of Daryl Ross at p. 17 ("Officer Mannella used deadly force in self-defense and officer Reppy used deadly force to protect officer Mannella.") (attached hereto as Exhibit 1).[1]

More egregiously, in the oral argument of his appeal, Defendant Mannella suggested that the fact that Officer Reppy was no longer a defendant in this case exonerated Defendant Mannella:

> Counsel: Officer Reppy is the only person who has any video in this case. He fired five times on this vehicle and he's not a defendant anymore.
>
> Judge Moore: he fired after your client fired, and he did not hit the decedent with his bullets, correct?
>
> Counsel: He hit the car five times, he did not strike the--.
>
> Judge Moore: --he did not strike the decedent, which would be a reason for his being dismissed.
>
> Counsel: but his decision is indicative, just like in the Burghardt Ryan case.

Oral argument at 11:58-12:28.[2]

At trial, Defendant Mannella may argue that, because Officer Reppy also fired his service weapon, Defendant Mannella's use of deadly force was justified. This argument may take many forms, including such argument that two officers thought it was reasonable to use deadly force, and so, the use of force was reasonable. Defendant Mannella may try to elicit expert testimony on

---

[1] Many of the opinions that Defendant Mannella experts offers are legal opinions, which Plaintiff addresses in a separate motion in limine.
[2] The Court went on to question counsel as to what a reasonable jury could infer from this fact.

the subject. Defendant Mannella may also contend that, because there is no claim against Officer Reppy, it stands to reason that Defendant Mannella's use of force is reasonable.

Contrary to Defendant Mannella's assertions, however, Officer Reppy's decision to fire his weapon after Defendant Mannella had finished firing his weapon has no bearing on whether Defendant Mannella's use of deadly force was reasonable. Such argument is improper. It is misleading and would confuse the issues in the case. It would likewise lead to a minitrial over Officer Reppy's use of force. And it would unfairly prejudice Plaintiff by allowing Defendant Mannella to intimate that his use of deadly force was justified because Officer Reppy also used deadly force.

Allowing Defendant Mannella to argue that his use of force was reasonable, in part, because Officer Reppy also did not use force would allow Defendant Mannella to rely on irrelevant facts. Defendant Mannella's use of force is on trial, not Officer Reppy's. That is, Officer Reppy's actions are irrelevant to the use of deadly force analysis. An argument that there is no claim against Reppy would be prejudicial to Plaintiff.

Indeed, allowing Defendant Mannella to point out that there is no pending claim against Officer Reppy would be allowing him to reference his dismissed claim, which courts have held is prejudicial. *See Dethmers Mfg. Co., Inc. v. Automatic Equipment Mfg. Co*., 73 F.Supp.2d 997, 1004-07 (N.D. Iowa 1999) (holding that admission of evidence related to dismissed counterclaims would confuse or misdirect jury and was unfairly prejudicial); *Bolick v. Alea Group Holdings, Ltd*., 202 F.App'x. 474, 476 (2d Cir. 2006) (holding district court acted within its discretion in excluding evidence related to previously dismissed sexual harassment claim as unfairly prejudicial); *Goodwin v. Crawford County, Georgia*, 454 F.Supp.3d 1301, 1305-06 (M.D. Ga. 2020) (holding that portions of video should be omitted in false arrest claim, because they would

4

unfairly prejudice defendants or mislead jury into considering dismissed substantive due process claim).

In addition, the fact that Officer Reppy used deadly force after Defendant Mannella did is irrelevant. Multiple courts have held that another officer's use or nonuse of force had no bearing on whether a defendant's use of force was reasonable. For instance, in a case from the Eastern District of Virgnia, the court held that an officer's use of force that did not seize the plaintiff was irrelevant. In that case, the plaintiff argued that an officer who fired the first shot effectively caused a seizure, even though his shots did not hit the plaintiff. The court rejected this theory. In reaching this conclusion the court held that "to the extent that [the officer]'s shot did not seize Plaintiff, [the officer]'s conduct is generally not relevant in determining whether excessive force was used by other officers." *Moody v. City of Newport News, Virginia*, 193 F.Supp.3d 530, 547 (E.D.Va. 2016). Likewise, The Eastern District of New York rejected an argument that one decision not to use deadly force had any bearing on an officer's decision to use deadly force. The court held that "the actions of other officers are irrelevant to a qualified immunity determination." *Estate of Priolo v. City of New York*, 2019 WL 1428403, at *5 (E.D.N.Y. Mar. 29, 2019). In this case, the decedent had a knife and ran at an officer who fired his weapon two times, killing the decedent. The other officer on scene, a sergeant, yelled for decedent to stop and did not use his weapon. The court held that the sergeant's non-use of force had no bearing on the officer's use of deadly force, as the issue was whether the officer's use of force was reasonable. *Id*. at *5-6. And the Eleventh Circuit rejected a plaintiff's argument that another officer on a scene had a subjective lack of fear had any bearing on whether a defendant's use of force was objectively reasonable. *Penley v. Eslinger*, 605 F.3d 843, 852 (11th Cir. 2010).

5

Likewise here, the fact that Officer Reppy fired his gun after Defendant Mannella fired his weapon has no bearing on whether Defendant Mannella's use of deadly force was reasonable.

In fact, arguing that Officer Reppy's use of deadly force had any bearing would confuse the jury. As the Sixth Circuit elucidated to Defendant Mannella during oral argument, Officer Reppy's bullets did not strike Matthew Burroughs. As a result, there was no seizure, and so no claim against him was viable. But the fact that Officer Reppy's use of force did not constitute a seizure does not affect whether Defendant Mannella was permitted to use deadly force—it does not even address whether Officer Reppy's act of firing five shots was reasonable. Regardless, though, Defendant Mannella will attempt to create a false equivalency that has no bearing on his actions.

Based on the foregoing, the Court should therefore prohibit any argument or expert testimony referencing Officer Reppy's use of force. While the jury will learn that Officer Reppy fired his weapon, the parties should not make any reference to that in arguing the case. Nor should Defendant Mannella be permitted to reference this fact during any testimony related to his use of force. And Defendant's use of force expert should also be prohibited from offering any opinion testimony regarding Officer Reppy's use of force.

Furthermore, the Court should provide the following jury instruction:

> Proposed Instruction: In this case you have heard evidence that Officer Reppy also discharged his firearm. His use of deadly force is not at issue, however, because the bullets he fired did not strike Matthew Burroughs. You cannot not consider whether his use of force was justified. You also cannot consider the fact that Officer Reppy fired his gun had any bearing when evaluating Defendant Mannella's actions.

Dated: January 19, 2024

Case: 4:20-cv-00005-SL  Doc #: 73  Filed: 01/19/24  7 of 8.  PageID #: 748

Respectfully submitted,

*/s/ Kevin C. Hulick*

| | |
|---|---|
| Nicholas A. DiCello (0075745) | Jonathan S. Abady (pro hac vice) |
| Kevin C. Hulick (0093921) | Earl S. Ward (pro hac vice) |
| SPANGENBERG SHIBLEY & LIBER LLP | Vivake Prasad (pro hac vice) |
| 1001 Lakeside Avenue East, Suite 1700 | EMERY CELLI BRINCKERHOFF |
| Cleveland, OH 44114 | ABADY WARD & MAZEL LLP |
| (216) 696-3232 | 600 Fifth Avenue, 10th Floor |
| (216) 696-3924 (FAX) | (212) 763-5000 |
| *ndicello@spanglaw.com* | (212) 763-5001 (FAX) |
| *khulick@spanglaw.com* | *jabady@ecbawm.com* |
| | *eward@ecbawm.com* |
| | *vprasad@ecbawm.com* |

*Attorneys for Plaintiff*

Respectfully submitted,

*/s/ Kevin C. Hulick*

| | |
|---|---|
| Nicholas A. DiCello (0075745) | Jonathan S. Abady (pro hac vice) |
| Kevin C. Hulick (0093921) | Earl S. Ward (pro hac vice) |
| SPANGENBERG SHIBLEY & LIBER LLP | Vivake Prasad (pro hac vice) |
| 1001 Lakeside Avenue East, Suite 1700 | EMERY CELLI BRINCKERHOFF |
| Cleveland, OH 44114 | ABADY WARD & MAZEL LLP |
| (216) 696-3232 | 600 Fifth Avenue, 10th Floor |
| (216) 696-3924 (FAX) | (212) 763-5000 |
| *ndicello@spanglaw.com* | (212) 763-5001 (FAX) |
| *khulick@spanglaw.com* | *jabady@ecbawm.com* |
| | *eward@ecbawm.com* |
| | *vprasad@ecbawm.com* |

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on this 19th day of January 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

>	*/s/ Kevin C. Hulick*
>	Nicholas A. DiCello (0075745)
>	Kevin C. Hulick (0093921)
>	SPANGENBERG SHIBLEY & LIBER LLP
>	1001 Lakeside Avenue East, Suite 1700
>	Cleveland, OH 44114
>	(216) 696-3232
>	(216) 696-3924 (FAX)
>	*ndicello@spanglaw.com*
>	*khulick@spanglaw.com*
>
>	*Attorneys for Plaintiff*